Pineda v. Garland

BIA
Thompson, IJ
A094 766 501

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of May, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

REYES T. PINEDA,
> *Petitioner*,

v.                                                                22-6028
                                                                  NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Perham Makabi, Esq., Kew Gardens, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Christina R. Zeidan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Reyes T. Pineda, a native and citizen of El Salvador, seeks review of a December 14, 2021, decision of the BIA affirming a February 6, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Reyes T. Pineda,* No. A094 766 501 (B.I.A. Dec. 14, 2021), *aff'g* No. A094 766 501 (Immig. Ct. N.Y. City Feb. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's legal conclusions de novo and its factual findings

2

for substantial evidence.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"  8 U.S.C. § 1252(b)(4)(B).  An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution.  *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(1).  Because Pineda does not challenge the agency's finding that he failed to establish past persecution, the only issue before us is whether he met his burden to establish a well-founded fear of future persecution or a likelihood of torture.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Pineda testified that in 1991 he refused an order from a guerilla commander of the Farabundo Marti National Liberation Front ("FMLN") to join his unit and instead joined the Salvadoran army.  The FMLN commander and his associates threatened Pineda four times in the 1990s until he fled El Salvador for the United States in 1999, and he fears harm from the commander or the FMLN if he returns to El Salvador.  He argues that the agency did not sufficiently address either his fear of future harm or country conditions evidence showing that the FMLN

3

currently has power and influence in El Salvador and is engaged in an ongoing conflict with a rival political party.

Pineda had the burden to establish that his fear of future persecution was "objectively reasonable." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020). A "fear may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000); *see also Hernandez-Chacon*, 948 F.3d at 101. But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Whether a fear is objectively reasonable "is largely dependent upon the context and believability [an applicant] can establish for his claims through presentation of reliable, specific, objective supporting evidence." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (quotation marks and citation omitted). An applicant can meet this burden by showing that he would be "singled out individually" for persecution or by establishing a "pattern or practice … of persecution of a group of persons similarly situated to the applicant[.]" 8 C.F.R. § 1208.13(b)(2)(iii); *see also Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

4

The record establishes that the FMLN transitioned from a guerilla force to a political party after the 1992 civil war and won the presidency in 2009. However, these facts do not show that Pineda would be "singled out" for persecution or that the FMLN has a "pattern or practice" of persecuting people who refused to join them decades earlier or who were military members during the civil war. 8 C.F.R. § 1208.13(b)(2)(iii). Nor did Pineda present other facts that support his claim. As the agency found, Pineda was last threatened in the 1990s, more than 20 years earlier, and there was no subsequent contact between the FMLN and Pineda or between the FMLN and Pineda's family in El Salvador. Moreover, Pineda remained in El Salvador until 1999, and neither the commander nor his associates acted on the threats or attempted to harm Pineda. Pineda did not provide any evidence that the commander was capable of harming him; there was no evidence that the commander is still in El Salvador, what his status there might be, or indeed even whether he is still alive. This record does not compel a conclusion that Pineda's fear is more than speculative. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Xing Huang*, 421 F.3d at 129.

Pineda's failure to establish a well-founded fear of persecution is dispositive because an applicant who fails to establish fear of harm required for asylum

5

"necessarily" fails to meet the higher standard for withholding of removal and CAT relief.  *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court